## NATIONAL BANK OF WASHINGTON et al. v. DISTRICT OF COLUMBIA.

### No. 9905.

United States Court of Appeals District of Columbia Circuit.

Argued April 11, 1949.

Decided June 20, 1949.

Mr. John B. Cullen, Washington, D. C., for petitioner Elizabeth Gertrude Mergner, and Mr. A. Leckie Cox, Washington, D. C., with whom Mr. Louis M. Denit, Washington, D. C., was on the brief, for petitioner The National Bank of Washington.

Mr. Harry L. Walker, Assistant Corporation Counsel, District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., and Chester H. Gray, Principal Assistant Corporation Counsel, D. C., Washington, D. C., were on the brief, for respondent.

Before CLARK and PROCTOR, Circuit Judges, and ARTHUR F. LEDERLE, District Judge, sitting by designation.

PROCTOR, Circuit Judge.

The five Mergner children, minors, were living together, under guardianship, in a home conducted for their joint benefit. The home furnishings and effects were owned by the children in common. In personal property returns made to the Tax Assessor for the years 1943 to 1947, the National Bank of Washington, guardian of the estates of said minors, reported the value of the interest of each child in said furnishings to be $146.81 (calculated on a total value of $734.08) and claimed in each return the statutory exemption of $1000. Thus stated, there was no valuation subject to taxation. The returns were rejected. Assessments were then made for each year in larger amounts against the Mergners *collectively*, and penalties added for defaults in making the returns. A *single* exemption of $1000 was allowed against each assessment. The higher valuations resulted in taxable amounts covering each annual period, for which bills were rendered. The matter was taken to the Board of Tax Appeals. Only two issues were formally raised: 1. Excessive amount of the assessments; 2. Failure to allow separate exemptions. Some reductions were made in the assessments and no point is raised here as to the revised valuations. The important question involves the Board's decision that under Title 47, District of Columbia Code (1940), Section 1202 et seq., each annual assessment on the furnishings of the Mergner home should be given a single total valuation and allowed but a single exemption. Section 1208 exempts

from taxation "Household and other belongings, not held for sale, to the value of one thousand dollars, owned by the occupant of any dwelling-house or other place of abode, in which such household and other belongings may be located." In view of the co-ownership and use of the furnishings by the Mergners in a single household and their occupation and conduct of the home for their common use and benefit, we think the decision was correct.

■ Without any issue being properly raised, the Board also ruled that mailing of tax bills based on the assessments constituted a sufficient rejection of the returns made in behalf of the minors. We agree with that ruling.

■ Two other questions are raised here concerning penalties and interest. They were not made before the Board, so we shall not consider them. It is essential that the administrative remedy be fully availed of and exhausted before resort to judicial review. Definite issues of fact and law should be raised before the Board so that it may have an opportunity to decide them; otherwise the statutory functions of the Board are frustrated.

The decision of the Board is

Affirmed.